UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES for the use and benefit of
B.L. MECHANICAL, INC.,
     Plaintiff

v.

KELLY CONSTRUCTION SERVICES, INC.
and HARCO NATIONAL INSURANCE
COMPANY,
     Defendants.

CIVIL ACTION NO.

## COMPLAINT

### PARTIES

1.     Plaintiff, B.L. Mechanical, Inc. ("B.L. Mechanical"), is a Massachusetts corporation with a usual place of business at 726 Quaker Highway, Uxbridge, Massachusetts.

2.     Defendant, Kelly Construction Services, Inc. ("Kelly Construction"), is a Connecticut corporation with a usual place of business at 55 Main Street, Suite 5102A, Enfield, CT 06082.

3.     Defendant, Harco National Insurance Company ("Harco"), is a surety authorized to do business in Rhode Island with a principal place of business at 4200 Six Forks Road, Suite 1400, Raleigh, NC 27609.

### JURISDICTION AND VENUE

4.     This case involves federal question jurisdiction, namely payment under the Miller Act, 40 U.S.C. § 3131 *et seq.*, which requires that "[a] civil action brought under this subsection must be brought – (A) in the name of the United States for the use of the person bring the action;

1

and (B) in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." See 40 U.S.C. § 3133.

## FACTS

5.     This is a claim to collect payments owed to B.L. Mechanical for plumbing work on a federal construction project pursuant to a subcontract with the general contractor, Kelly Construction.

6.     The project is referred to as Job 2502 – Bldg 1259 First Floor Restroom at the Naval Undersea Warfare Center, Newport, Rhode Island (the "Project").

7.     NUCW, Naval Station Newport, 1176 Howell Street, BLDG. 1258, Newport RI (the "Navy") was the owner of the Project.

8.     The Navy retained Kelly Construction as the general contractor for the Project.

9.     Kelly Construction entered into a written subcontract agreement with B.L. Mechanical for the Project's plumbing work.

10.     The subcontract for the Project was dated February 26, 2025 (the "Subcontract"). A true and accurate copy of the Subcontract is attached hereto as Exhibit A.

## COUNT I
### Breach of Contract v. Kelly Construction

11.     B.L. Mechanical hereby realleges and restates all prior allegations.

12.     The original Subcontract price was $38,500.00.

13.     B.L. Mechanical last furnished labor and materials to the Project on July 29, 2025.

14.     The work performed by B.L. Mechanical was accepted by Kelly Construction and the Navy, and the work was incorporated into the Project.

2

15.     B.L. Mechanical submitted three Applications for Payment throughout the Project (Invoice Nos. 250201, 250202, 250203) and otherwise followed all conditions precedent for requesting and receiving payment.

16.     Kelly Construction made one payment of $5,000.00 to B.L. Mechanical pursuant to the Subcontract.

17.     However, Kelly Construction has, without reason or justification, failed to remit payment to B.L. Mechanical in the amount of $33,500.00.  A true and accurate copy of B.L. Mechanical's Aged Trial Balance for the Project is attached hereto as Exhibit B.

18.     Kelly Construction stands in breach of several provisions of the Subcontract by reason of its unjustified failure or refusal to remit payment of $33,500.00 for work that was accepted by Kelly Construction and the Navy, for the benefit of the Project.

19.     As a result, B.L. Mechanical has incurred and continues to incur damages in amounts to be proven at trial, plus accruing interest, costs and attorney's fees.

## COUNT II
### Unjust Enrichment v. Kelly Construction

20.     B.L. Mechanical hereby realleges and restates all prior allegations.

21.     B.L. Mechanical provided labor and materials for Kelly Construction's use and benefit on the Project, with the expectation of payment for the fair and reasonable value of work performed.

22.     Kelly Construction has been unjustly enriched in the amount of $33,500.00 and owes to B.L. Mechanical the undisputed balance of $33,500.00, plus accruing interest, costs and attorney's fees.

## COUNT III
**Breach of Payment Bond v. Harco**

23.    B.L. Mechanical hereby realleges and restates all prior allegations.

24.    As required by the Miller Act, Kelly Construction purchased Payment Bond No. 0842003 for the Project (the "Payment Bond").  A true and accurate copy of the Payment Bond is attached hereto as Exhibit C.

25.    Harco is the surety for the Payment Bond.

26.    The Navy is the obligee for the Payment Bond.

27.    B.L. Mechanical is due the sum of $33,500.00, which is the fair value of construction work that B.L. Mechanical furnished to the Project for which it has not been paid.

28.    B.L. Mechanical has complied with all conditions precedent to bringing this action and is a proper claimant under the Miller Act.

WHEREFORE, Plaintiff, B.L. Mechanical, Inc., respectfully requests that this Court:

a.    Enter judgment in its favor and against Defendant, Kelly Construction Services, Inc. on Counts I and II, and award B.L. Mechanical, Inc. damages as determined by this Court, together with costs, interest and attorney's fees;

b.    Enter judgment in its favor and against Defendant, Harco National Insurance Company on Count III and award B.L. Mechanical, Inc. damages as determined by this Court, together with costs, interest and attorney's fees; and

c.    Enter and grant such other and further relief as is proper and just.

4

27805/00012/4900-6769-5037 v.1

B.L. MECHANICAL, INC.

By its attorney,


_/s/ David L. Fine_
David L. Fine, Esq., RI #7368
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive
Westborough, MA 01508
Phone: (508) 791-8500
Fax:    (508) 791-8502
dfine@miricklaw.com


Dated: July 17, 2026

5

27805/00012/4900-6769-5037 v.1